This is an action to recover damages for personal injuries sustained by plaintiff while a passenger on the defendant's mixed train. The (760) plaintiff purchased a ticket from Pilot Mountain to Winston-Salem over defendant's road. The train was composed of several freight cars and two passenger cars. Just before the train arrived at Bethania Station it stopped a short distance north of the station to allow the freight train to pass, and then moved down to the depot, with the passenger coaches standing opposite the station.
While the train was standing at the second stop the plaintiff went to the water-cooler and was in the act of drinking a glass of water, and while doing so the train started with a severe jerk. The rear door of the passenger coach was standing open, and when the jerk came it threw the plaintiff towards the open door, and he would have fallen on the platform but for the fact that he threw out his arm and caught the door-facing, and in doing so his open hand came in contact with the glass covering the tool box, which was hanging perpendicularly near the door-facing. The plaintiff's hand broke the glass of the tool box and was severely cut. The plaintiff offered evidence to prove that the tool box was loose and hanging perpendicularly, and contended that it ought to have been placed over the door horizontally. The plaintiff testified that he was by trade a barber, and that he had been disabled for two months, and that his thumb was permanently stiffened, which impaired his usefulness in his trade.
The defendant admitted that the jerk was a severe one, but was not of an unusual character on its line of road for mixed trains.
His Honor charged the jury, among other things, as follows:
"1. Now, as to the first ground of negligence alleged, there is evidence tending to show that the tool box was hanging near the door, beside the door and in an upright position, instead of being across the wall of the *Page 837 
car, and the court instructs you, if you find that to be true from the evidence, that the tool box was hanging in an upright position instead of being across the wall, that would not be negligence upon the part of the defendants." The plaintiff excepted.
"2. It is true, gentlemen, that where one takes passage upon a mixed train, as admitted in this case this train was — that is, hauling freight and passengers, that he assumes the usual risk incident to travel upon such train when the same is managed by a competent and prudent engineer or one who is operating the training in a careful manner. Whatever injuries result to him from the operation of a train in this way — why, he assumes that risk when he takes passage upon such train; but he does not assume risk, gentlemen, if caused by the negligence of the defendant in starting the train. In other words, gentlemen of the jury, the question is whether or not this train started with a sudden jerk, and, if so, was this sudden jerk caused by the slack in the train and was it necessary in the proper operation of the train that this jerk should have occurred, or was the jerk due to improper management of the engine by one of the defendant's engineers? Now, if it were due to careless (761) handling of the engine and starting off the train, if the jerk was due to that, why, then, that would be negligence on the part of the defendant; but if the jerk was due simply to drawing the slack out of the train, and not to any carelessness on the part of the engineers, why, then, it would not be negligence upon the part of the defendant, even though the plaintiff was hurt, because that would be one of the risks assumed by him when he took passage upon the train." The plaintiff excepted.
The jury answered the first issue as to negligence in favor of the defendant, and from the judgment pronounced thereon the plaintiff appealed.
There is no evidence that the tool box had been originally placed in a horizontal position and that it had fallen and was hanging by the door because it had been insecurely fastened, and we cannot see that it is any evidence of negligence that it was located by the side of the door-facing.
An injury such as was inflicted upon the plaintiff could not be reasonably foreseen or anticipated; and if the lower end of the box had become loose, we agree with his Honor that this had nothing to do with the plaintiff's injury.
The charge as to the risks assumed by a passenger traveling upon mixed trains is in accordance with Marble v. R. R., 142 N.C. 557. *Page 838 
The question discussed in the brief, as to the charge upon the burden of proof, is not presented by any exception or assignment of error, and, therefore, cannot be considered.
Upon a careful consideration of the record, we find
No error.